19 F.3d 1434
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Millard C. THORNHILL, Petitioner-Appellant,
v.
Michael J. O'DEA, III, Warden, Respondent-Appellee.
 Nos. 93-5813, 93-6321.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: KEITH and MARTIN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Millard C. Thornhill, a pro se Kentucky prisoner, moves for counsel and appeals two district court orders dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254 (Appeal Nos. 93-5813; 93-6321). He has also filed a motion to supplement the record. These cases have been consolidated on appeal. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, Thornhill was convicted by a jury of theft by unlawful taking. The four year sentence he received on that count was enhanced to twenty years by virtue of a subsequent conviction for persistent felony offender in the first degree.
 
 
 3
 In his habeas petition filed January 14, 1992, Thornhill claimed: (1) that his conviction violated his Sixth Amendment right to a speedy trial; (2) that his conviction violated the Double Jeopardy Clause; (3) that he was denied due process because he did not receive an evidentiary hearing on his post-conviction motion; and (4) that the trial court erred in not allowing Thornhill to be examined for competence to stand trial. A magistrate judge recommended that the petition be denied in two separate reports and recommendations dated February 18, 1993, and June 21, 1993. Despite Thornhill's objections, the district court adopted the reports and recommendations in two separate memorandum opinions and orders entered May 13, 1993, and September 21, 1993.
 
 
 4
 Upon review, we affirm the district court's orders in Appeal Nos. 93-5813 and 93-6321 because Thornhill has failed to establish cause and prejudice to excuse his procedural default in the Kentucky state courts with respect to his speedy trial and double jeopardy claims, see Teague v. Lane, 489 U.S. 288, 298-99 (1989), and has further failed to demonstrate that he has been denied the rudimentary demands of fair procedure with respect to the remaining claims. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 5
 Thornhill did not present his speedy trial and double jeopardy claims on direct appeal. Rather, he attempted to raise these claims via a Ky.R.Crim.P. 11.42 motion which presented the claims within a claim that appellate counsel was ineffective due to counsel's failure to raise the speedy trial and double jeopardy claims on direct appeal. The Kentucky courts, however, refused to hear the claims on jurisdictional grounds, holding that Ky.R.Crim.P. 11.42 is not the appropriate procedural vehicle in Kentucky by which to challenge the effectiveness of appellate counsel. Hicks v. Commonwealth, 825 S.W.2d 280, 281 (Ky.1992). Consequently, Thornhill has exhausted his available state court remedies.
 
 
 6
 Because Thornhill has no state court remedy left at his disposal with respect to the speedy trial and double jeopardy claims, the next inquiry is whether he waived his right to challenge his conviction in federal court by failing to raise in state court the issues upon which he bases his petition. If a prisoner fails to present his claims to a state court, he will not be allowed to present the claims in a federal habeas corpus petition unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. Teague, 489 U.S. at 298-99. Even absent cause and prejudice, if a prisoner presents an extraordinary case where a constitutional violation resulted in the conviction of one who is actually innocent, the cause and prejudice requirements can be overlooked and habeas relief granted. Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Olsen v. McFaul, 843 F.2d 918, 932 (6th Cir.1988).
 
 
 7
 Thornhill claims that ineffective assistance of appellate counsel caused him to fail to raise the speedy trial and double jeopardy claims in state court. Because Thornhill cannot establish a claim for ineffective assistance of appellate counsel, he fails to establish cause for his failure to raise the speedy trial and double jeopardy claims on appeal. In order to establish an ineffective assistance of counsel claim, a habeas petitioner has the burden of demonstrating that (1) his attorney made serious errors which undermined the proper functioning of the adversarial process, and that (2) but for those errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland standard is applicable to claims of ineffective assistance of appellate counsel. Bowen v. Foltz, 763 F.2d 191, 195 (6th Cir.1985).
 
 
 8
 A defendant is entitled to the effective assistance of counsel on his first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). While the accused has the ultimate authority to make certain fundamental decisions regarding his case, including the decision whether to take an appeal or act as his own advocate, appointed counsel on the appeal as of right does not have a constitutional duty to raise every nonfrivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983).
 
 
 9
 Thornhill contends that he was denied the Sixth Amendment right to a speedy trial as a result of the fourteen month delay between the indictment (June 1984) and trial (August 29 and 30, 1985). A fourteen month delay, however, is not a constitutional violation per se; rather, four factors are to be considered in analyzing Thornhill's speedy trial claim. They include: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. See Barker v. Wingo, 407 U.S. 514, 530 (1972); see also Cain v. Smith, 686 F.2d 374, 381 (6th Cir.1982). Applying the Barker test to Thornhill's claim, we conclude that there was no violation of Thornhill's Sixth Amendment right to a speedy trial. Although Thornhill was not brought to trial until fourteen months after his indictment and he asserted his right to a speedy trial on several occasions, much of the delay can be attributed to Thornhill. Consequently, the postponement of trial in the face of Thornhill's assertion of his right to a speedy trial was justified.
 
 
 10
 Furthermore, the prejudicial impact of the delay is not indicated. Although Thornhill alleged that the long delay impaired his ability to defend himself and led to witnesses not being able to testify at trial, he failed to identify which witnesses were unavailable or the information possessed by such witnesses. He presented no evidence of prejudice. Thus, the possibility of any prejudicial impact from the delay was not substantial. In conclusion, because Thornhill was not denied his Sixth Amendment right to a speedy trial, it necessarily follows that appellate counsel was not ineffective in failing to present such a frivolous claim on appeal.
 
 
 11
 With respect to the issue of double jeopardy, no such constitutional violation can be fashioned from the record. The Fifth Amendment right against double jeopardy attaches when the jury is empaneled and sworn. See Crist v. Bretz, 437 U.S. 28, 35-36 (1978). Both the prosecutor and Thornhill's appellate counsel submitted sworn affidavits stating that no jury was empaneled or sworn in Thornhill's case on November 19, 1984. Furthermore, no transcript of any such proceeding exists, and the docket sheet only reflects that a co-defendant was arraigned on that date. Thus, absent any evidence to support Thornhill's claim, no double jeopardy violation occurred, and appellate counsel was not ineffective in failing to raise such a frivolous claim on Thornhill's direct appeal.
 
 
 12
 Appeal No. 93-6321 involves Thornhill's appeal from the district court order denying relief on the two remaining claims asserted in his habeas petition, i.e., (1) that he was improperly denied an evidentiary hearing on his Ky.R.Crim.P. 11.42 motion, and (2) that the trial court erroneously refused Thornhill a competency hearing prior to trial. Thornhill has failed to demonstrate that he has been denied the rudimentary demands of fair procedure with respect to these claims. Lundy, 888 F.2d at 469-70.
 
 
 13
 Accordingly, the motion for the appointment of counsel is denied, the motion to supplement the record is denied, the district court's order in Appeal No. 93-5813 is affirmed, and the district court's order in Appeal No. 93-6321 is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.