Glen HICKS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 89–SC–000213–TG.

Supreme Court of Kentucky.

March 12, 1992.

J. Vincent Aprile II, Dept. of Public Advocacy, Frankfort, Pam Goldman, Public Advocate, Lexington, for appellant.

Chris Gorman, Atty. Gen., Ian G. Sonego, Asst. Atty. Gen., Frankfort, for appellee.

## OPINION OF THE COURT

We granted a transfer of this case from the Court of Appeals to consider the question of relief for a defendant whose appeal of a conviction in a criminal case has been decided adversely to him and who contends that he was denied effective assistance of counsel on appeal.

In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), the United States Supreme Court held that if a state allows an appeal of a criminal conviction, the defendant is entitled to assistance of counsel on the first appeal, and further held that if a dismissal of the appeal results because of the ineffectiveness of counsel, the defendant is entitled to reinstatement of the appeal.

This Court, in *Commonwealth v. Wine*, Ky., 694 S.W.2d 689 (1985), held that a defendant whose conviction had not been appealed due to neglect of counsel could, upon motion to the court which had jurisdiction to hear the appeal, obtain a belated appeal.

We also held that a defendant whose appeal had been dismissed solely due to neglect of counsel could, upon motion to the court which dismissed the appeal, obtain a reinstatement of the appeal. The rationale of these cases is that a defendant whose appeal has been frustrated or whose appeal has been dismissed due to neglect of counsel, has in fact had no appeal at all.

The remedy in such a case does not lie in RCr. 11.42 which is designed to allow a trial court to review its judgment and sentence for constitutional invalidity of the proceedings prior to judgment or in the sentence and judgment itself. The proper remedy lies in a motion to the court which had jurisdiction to hear the appeal, that it grant a belated appeal or that it reinstate an appeal which has been dismissed. *Commonwealth v. Wine, supra.*

The movant here has not suffered from a failure to perfect an appeal in his case or from a dismissal of his appeal because his appeal has been completely processed and decided adversely to him. He contends, however, that his counsel was so ineffective in failing to present an issue in the appeal and that the result is the same as if he had been denied a right of appeal. He attempted to present his claim of ineffective representation of counsel on appeal by way of a RCr. 11.42 motion to vacate.

We think there is a substantial difference in the situation of a convicted defendant for whom no appeal was even taken or one whose appeal was dismissed solely due to neglect of counsel and the situation of a defendant whose appeal was completely processed and the judgment affirmed. In the first case, there was never any consideration of the merits of any substantive issue by the appellate court. In the latter case, the appellate court has considered and decided the merits of the appeal. We will not examine anew an appeal reviewed, considered and decided by this Court.

Even if this Court were to consider movant's claim that he was denied the effective assistance of counsel, his appeal fails. In this case, the movant was convicted of the murder of Stephen Sharkey and Raymond Holbrook. The two victims were found in their respective homes, approximately 300 yards apart, and each of them had been stabbed to death. One of the victims suffered 17 stab wounds, and the other was

stabbed three times in the chest and once in the mouth. There were no eye-witnesses to the crimes and the appellant denied his involvement in any respect. Movant's request for an instruction for second-degree manslaughter was properly refused by the trial court as the evidence did not support the instruction. His conviction of murder was appealed, was thoroughly reviewed and was affirmed by this Court.

For the above reasons, we affirm the decision of the Johnson Circuit Court.

All concur.