RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0183-MR

JIMMY THACKER                                                    APPELLANT

v.         APPEAL FROM FLOYD CIRCUIT COURT
HONORABLE THOMAS M. SMITH, JUDGE
ACTION NO. 10-CR-00114

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE: Jimmy Thacker ("Thacker") appeals the Floyd Circuit

Court's order denying his motion under CR[1] 60.02(f). We affirm.

On July 21, 2010, [Thacker] was indicted for one
count of first-degree assault,[2] five counts of first-degree
wanton endangerment,[3] and for being a first-degree

---

[1] Kentucky Rules of Civil Procedure.

[2] Kentucky Revised Statutes (KRS) 508.010, a Class B felony.

[3] KRS 508.060, a Class D felony.

persistent felony offender.[4] The charges in this case resulted from a shooting that occurred on July 16, 2010. [Thacker] shot Elizabeth Conn multiple times while she, her little girl, and some of her friends were at her mother's house. He was charged with one count of wanton endangerment for each of the other persons who were at the home at the time of the shooting.

The trial was conducted in Floyd Circuit Court on March 21-23, 2011. At trial, [Thacker] did not deny guilt, but claimed that he was acting under extreme emotional disturbance (EED) and asserted a voluntary intoxication defense. The jury convicted [Thacker] on all counts, and he was sentenced to a total of twenty-six (26) years in prison.

*Thacker v. Commonwealth*, No. 2011-SC-000338-MR, 2012 WL 3632349, at *1 (Ky. Aug. 23, 2012).

After the Supreme Court of Kentucky affirmed Thacker's conviction on direct appeal, he filed a motion under RCr[5] 11.42 alleging ineffective assistance of counsel.[6] Therein, Thacker argued trial counsel was ineffective for failing to have him evaluated for competency to stand trial and for failing to present EED as a defense. *Thacker v. Commonwealth*, No. 2017-CA-001293-MR, 2019 WL 1578679, at *3 (Ky. App. Apr. 12, 2019). In affirming the trial court's denial of Thacker's RCr 11.42 motion, this Court found the record refuted his claims. In

---

[4] KRS 532.080(3).

[5] Kentucky Rules of Criminal Procedure.

[6] On direct appeal, the Supreme Court affirmed Thacker's convictions but vacated in part and remanded the matter to the trial court because of a sentencing error.

fact, "[c]ounsel presented evidence that Thacker's actions were prompted by his EED and voluntary intoxication; the jury was instructed on both." *Id.* (citation omitted). Furthermore, Thacker's argument regarding competency failed because he participated rationally in his own defense. *Id.*

On September 16, 2019, Thacker filed a motion for relief under CR 60.02(f) alleging ineffective assistance of post-conviction counsel on his RCr 11.42 motion. The trial court denied the motion as untimely and repetitive. This appeal followed.

Under CR 60.02(f), a court may grant relief from a judgment for "any other reason of an extraordinary nature justifying relief." The burden of proof is on the movant to present specific facts which "render the original trial tantamount to none at all." *Foley v. Commonwealth*, 425 S.W.3d 880, 885-86 (Ky. 2014) (internal quotation marks and citation omitted). This Court reviews the denial of a motion under CR 60.02 for abuse of discretion, the test for which is whether the trial court's decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* at 886 (citations omitted).

Thacker's sole argument on appeal is that he received ineffective assistance of counsel in his RCr 11.42 proceedings because counsel failed to have him evaluated for competency to stand trial and EED.

"[T]he Due Process Clause of the Fourteenth Amendment to the United States Constitution, and through it the Sixth Amendment, entitle criminal defendants to the effective assistance of counsel not only at trial, but during a first appeal as of right." *Hollon v. Commonwealth*, 334 S.W.3d 431, 434 (Ky. 2010) (citing *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)). Ineffective assistance of counsel claims are "limited to counsel's performance on direct appeal; there is no counterpart for counsel's performance on RCr 11.42 motions or other requests for post-conviction relief." *Id.* at 437. On this basis, Thacker's claim must fail.

Based on the foregoing, the order of the Floyd Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jimmy Thacker, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky