RENDERED: APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0545-MR

MICHAEL MOORE
APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.     HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 09-CR-00641

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE: Michael Moore ("Appellant"), *pro se*, appeals

from an order of the Boone Circuit Court denying his Kentucky Rules of Criminal

Procedure ("RCr") 11.42 motion to vacate, set aside, or correct his sentence.

Appellant argues that his trial counsel was ineffective in failing to move to

suppress certain testimony, and to call an expert witness to testify about the effects

that long-term drug use had on Appellant. He also argues that his appellate

counsel was ineffective in failing to raise meritorious issues on direct appeal, and

that we should find cumulative error sufficient to vacate his conviction and sentence. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

The underlying criminal appeal was adjudicated in *Moore v. Commonwealth*, No. 2014-SC-000023-MR, 2015 WL 4972249 (Ky. Aug. 20, 2015). In the interest of judicial economy, we adopt the Kentucky Supreme Court's recitation of facts in that proceeding. The Court stated:

> In 2009, Appellant, Michael Moore, was living with his parents at their home in Union, Kentucky. Appellant had been prescribed pain medication for years as a result of an employment related back injury. However, Appellant had abused his medication and admitted to being a drug addict. His addiction caused great friction between him and his parents.
>
> Appellant's mother, Madge Moore, suffered from multiple sclerosis. Her illness required her to consume prescribed medication on a daily basis. Ms. Moore would often share some of her pain medication with Appellant. Appellant also stole her medication as well. This angered Appellant's father, Warren Moore, who began keeping some of the medication in a safe located in their home. Warren also stored his wife's pills at his place of employment and on his person. This angered his wife, who believed that she should have total control over her medication.
>
> On the evening of June 12, 2009, Appellant and his parents were arguing over Appellant's continued use of his mother's pills. His parents were also upset with Appellant because he had failed to attend mediation in Georgia concerning his pending divorce. Instead of going to Georgia, Appellant stayed at a Super 8 motel in

Florence and got high.  The argument on the 12th of June led to a physical altercation between Appellant and his father.  Appellant shot his mother and father in the head with his father's pistol.  Appellant was also shot in his thigh.

Soon thereafter, Appellant walked outside and into the backyard, and threw the murder weapon onto the roof. Appellant then walked back inside the house and eventually called the police approximately 30-45 minutes after the shooting.  Appellant informed the 911 operator that a masked intruder entered the Moore residence, shot him, shot his parents, and then left.  Appellant continued to tell this narrative to the police as well as friends and family in the years leading up to trial.

However, Appellant changed his trial theory to self-defense.  Appellant testified that his father shot and killed his mother and then shot him in the leg and groin.  Appellant stated that he shot his father twice in the head in an attempt to save his own life.

A Boone Circuit Court jury convicted Appellant of two counts of murder, one count of tampering with physical evidence, and one count of falsely reporting an incident.  Presented with the option of imposing the death penalty, the jury recommended a sentence of life without the possibility of parole on each murder conviction, five years' imprisonment for the tampering conviction, and twelve months for the false reporting conviction.  The trial court sentenced Appellant in accord with the jury's recommendation.

*Id.* at *1.

Appellant raised six issues on appeal to the Kentucky Supreme Court:

erroneous admission of improper evidence; the denial of his motion to suppress his

statements; discovery violation; failure to excuse certain jurors; improper cross-

examination; and, failure to give a missing evidence instruction. The Court affirmed Appellant's conviction, judgment, and sentence.

On August 23, 2016, Appellant, *pro se*, filed an RCr 11.42 motion to vacate his conviction based on his claim of ineffective assistance of counsel. On December 3, 2021, the Boone Circuit Court denied Appellant's motion for relief without a hearing.[1] This appeal followed.

## STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's
> performance was deficient. This requires showing that
> counsel made errors so serious that counsel was not
> functioning as the "counsel" guaranteed the defendant by
> the Sixth Amendment. Second, the defendant must show
> that the deficient performance prejudiced the defense.
> This requires showing that counsel's errors were so
> serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable,
> does not warrant setting aside the judgment of a criminal
> proceeding if the error had no effect on the judgment.

---

[1] The ruling on the motion was delayed for a number of years while Appellant filed various other motions and prosecuted an appeal from the denial of a motion for DNA testing.

The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068. Additionally, "a hearing is required only if there is an issue of fact which cannot be determined on the face of the record." *Stanford v. Commonwealth*, 854 S.W.2d 742, 743-44 (Ky. 1993).

## ARGUMENTS AND ANALYSIS

Appellant, *pro se*, raises four argument on appeal: 1) that trial counsel was ineffective in failing to seek the suppression of witness testimony; 2) that trial counsel was ineffective in failing to call an expert witness; 3) that appellate counsel was ineffective in failing to raise on appeal the circuit court's denial of a continuance; and, 4) that cumulative errors are sufficient to vacate his conviction and sentence. We will consider each argument in the order it was raised by Appellant.

1. Suppression of Witness Testimony

Appellant argues that his trial counsel was ineffective in failing to seek the suppression of two witnesses' testimony at trial. He first maintains that the testimony of his former girlfriend, Sheri Kenneda, should have been suppressed. Appellant asserts that Kenneda's testimony regarding email conversations she had with Appellant's father about Appellant's drug use was improper and that Appellant's counsel was ineffective in failing to seek the suppression of this testimony. Appellant hypothesizes that the police threatened Kenneda in order to obtain favorable testimony, and that secret recordings made by Kenneda while Appellant was in the hospital would have favored Appellant had the tape recorder not stopped recording. Appellant also argues that his counsel should have sought the suppression of witness Debbie Moore's testimony. Debbie Moore is Appellant's sister-in-law. He maintains that Moore was improperly monitoring the testimony of other witnesses at trial, and that she and her husband were involved in wagering as to whether Appellant would testify at trial. Appellant argues that because Moore was monitoring the trial on social media, her testimony was improperly influenced and should not have been admitted.

Appellant does not reveal specifically which testimony of Kenneda or Moore he found objectionable. Instead, he argues in general terms that the

testimony was improper and that his counsel was ineffective in failing to seek its exclusion. The record demonstrates, however, that Appellant's counsel objected multiple times to the introduction of testimony from both Kenneda and Moore. Further, on direct appeal, the Kentucky Supreme Court determined that Appellant admitted evidence of the type to which he now objects. The Court stated that

> [t]he Commonwealth's theory of the case was that Appellant killed his parents as the culmination of growing animosity between Appellant and his parents concerning his sharing and theft of his mother's prescribed pain medication. In support, the Commonwealth presented evidence that Appellant stole money from his parents and others through several instances of check forgery and credit card fraud. Appellant himself provided extensive testimony that confirmed his addiction, multiple instances of check forgery, and the continuing friction between him and his parents. Yet, Appellant claims that it was error to admit evidence conveying sentiments that were similar or identical to those introduced by Appellant himself in support of his own defense.

*Moore*, 2015 WL 4972249, at *2.

Since Appellant's counsel repeatedly objected to the testimony of Kenneda and Moore, and as Appellant does not now reveal specifically which testimony he finds objectionable nor how the outcome of the proceeding would have been different but for the testimony, *Strickland*, *supra*, we find no error on this issue.

-7-

2. <u>Failure to Call an Expert Witness</u>

Appellant next argues that his counsel was ineffective in failing to call an expert witness who could testify regarding how long-term drug use affected Appellant, and the mitigating effects of such drug use. He asserts that an expert was available to be brought in from Duke University for trial and was prepared to testify as to how Appellant's drug use affected his behavior. According to Appellant, his trial counsel made the decision not to call the expert witness. Appellant argues that the testimony of this expert was vital to rebut the Commonwealth's only theory of the case, *i.e.*, that Appellant's drug use, in concert with growing animosity between Appellant and his parents, led to the shootings.

Appellant does not demonstrate how expert witness testimony on the issue of Appellant's drug use would have had a mitigating effect as to the Commonwealth's case in chief, *i.e.*, the Commonwealth's theory that Appellant killed his parents as the culmination of growing animosity over Appellant's theft and drug use. In addition, though Appellant asserted before trial that a masked intruder killed his parents, he changed his theory at trial to self-defense and argued that his father killed his mother and then attempted to kill Appellant. Appellant does not reveal how expert testimony regarding Appellant's drug use would have bolstered a claim of self-defense. Further, "a trial counsel's choice of whether to call witnesses is generally accorded a presumption of deliberate trial strategy and

cannot be subject to second-guessing in a claim of ineffective assistance of counsel." *Saylor v. Commonwealth*, 357 S.W.3d 567, 571 (Ky. App. 2012) (citation omitted). Again, Appellant has not demonstrated that there is a reasonable probability that but for counsel's alleged ineffective assistance on this issue, the outcome of the proceeding would have been different. *Strickland*, *supra*. We find no error.

### 3. Failure to Raise an Issue on Appeal

Appellant's third argument is that his appellate counsel was ineffective in failing to raise on appeal the trial court's denial of trial counsel's motion for a continuance. At trial, counsel made a request for a continuation to obtain a mitigation specialist and to perform DNA testing on the clothing of Appellant's father. The request was denied and Appellant asserts that appellate counsel was ineffective in failing to raise as error the denial of the continuance.

There is "a strong presumption that appellate counsel's choice of issues to present to the appellate court was a reasonable exercise of appellate strategy." *Hollon v. Commonwealth*, 334 S.W.3d 431, 436 (Ky. 2010). The circuit court denied Appellant's motion for a continuance largely because Appellant had four years leading up to trial during which he could have developed a defense theory, engaged expert witnesses, and conducted DNA testing.

Further, even if the DNA of Appellant's mother were found on his father's clothing, it is difficult to see how this would affect the outcome of the proceeding since Appellant argued at trial that his father shot his mother. Under Appellant's theory of the case, it would be plausible if not likely that his mother's DNA would be found on his father's clothing.[2] Ultimately, the burden rests with Appellant to overcome the strong presumption that counsel prosecuted reasonable appellate strategy on appeal. *Id.* Appellant has not overcome this presumption and we find no error.[3]

### 4. Cumulative Error

Lastly, Appellant argues that he is entitled to have his conviction and sentence vacated based on cumulative error. Citing *Walker v Engle*, 703 F.2d 959, 963 (6th Cir. 1983), Appellant asserts that errors which might not be so prejudicial as to amount to a deprivation of due process when considered alone may produce an overall fundamentally unfair trial setting.

Cumulative error is a doctrine "under which multiple errors, although harmless individually, may be deemed reversible if their cumulative effect is to

---

[2] At trial, Appellant's counsel moved for DNA testing to determine if his mother's blood was found on his father's shirt. He now argues that DNA testing was required to demonstrate that none of his blood was found on the back of his father's shirt.

[3] Woven into this argument is Appellant's claim that he did not receive an impartial jury because his brother was allegedly observed speaking with a member of the jury pool. This argument should have been raised, if at all, on direct appeal to the Kentucky Supreme Court.

render the trial fundamentally unfair.  We have found cumulative error only where the individual errors were themselves substantial, bordering, at least, on the prejudicial." *Brown v. Commonwealth*, 313 S.W.3d 577, 631 (Ky. 2010) (citation omitted).  We have found no substantial individual errors, and thus no cumulative error.

## CONCLUSION

For the foregoing reasons, we affirm the order of the Boone Circuit Court denying Appellant's RCr 11.42 motion to vacate, set aside, or correct his sentence.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael Moore, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky