RENDERED: APRIL 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1067-MR

RAY WILLIAM POWERS                    APPELLANT

                 APPEAL FROM CALLOWAY CIRCUIT COURT
v.               HONORABLE ANDREA L. MOORE, JUDGE
                  ACTION NO. 16-CR-00234

COMMONWEALTH OF KENTUCKY           APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: EASTON, L. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Ray William Powers appeals from an Order of the Calloway Circuit Court which denied his motion to vacate judgment and sentence pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42, motion for summary judgment pursuant to Kentucky Rules of Civil Procedure (CR) 56, and motions for an evidentiary hearing and appointment of counsel. Because the circuit court

failed to address the issue regarding the ineffective assistance of appellate counsel, we vacate and remand for the trial court to adjudicate the same.

In 2017, Powers was convicted of rape in the first degree and sodomy in the first degree following a jury trial in the Calloway Circuit Court. His conviction was upheld on direct appeal by this Court, and upon discretionary review, the Supreme Court affirmed his conviction. *Powers v. Commonwealth*, 626 S.W.3d 563 (Ky. 2021).

On March 17, 2023, Powers filed a *pro se* Motion to Vacate Sentence and Judgment Pursuant to RCr 11.42 in the Calloway Circuit Court, and a Memorandum in support. In the motion, he also moved for appointment of counsel and an evidentiary hearing. Under RCr 11.42, Powers raised ten separate allegations of ineffective assistance of trial counsel and four allegations of ineffective assistance of appellate counsel, and an allegation that the cumulative effect of all claims regarding ineffective counsel violated his right to a fair and impartial jury trial. Subsequently, on May 12, 2023, Powers filed a *pro se* Motion for Summary Judgment reiterating the claims in his RCr 11.42 motion. The Commonwealth did not file a response to any of the foregoing motions.

The Calloway Circuit Court entered an Order on August 11, 2023, denying the RCr 11.42 motion to vacate, as well as the motions for evidentiary

hearing, appointment of counsel, and summary judgment. At the outset of the Order's Conclusions of Law, the court stated:

> Regarding defendant's assertion that direct appeal counsel was ineffective that will not be addressed in this order as this Court only has jurisdiction regarding the proceedings that took place in Circuit Court.

Record at 209.

The circuit court then proceeded to review the ineffective assistance of trial counsel claims and held that they were conclusively disproved. Powers, acting *pro se*, thereafter timely filed a Notice of Appeal from the court's order.

On appeal, Powers' appointed appellate counsel argues that this Court must dismiss the present action because the circuit court's Order was interlocutory. Powers asserts that the circuit court erred or abused its discretion when it disregarded his RCr 11.42 claims of ineffective assistance of appellate counsel upon an erroneous conclusion that it lacked jurisdiction to consider the issue. He argues that this Court must either dismiss or remand his case to the circuit court for consideration of all the issues because under these circumstances, no final judgment exists when less than all of the claims raised have been adjudicated.

In *Hollon v. Commonwealth*, 334 S.W.3d 431, 434 (Ky. 2010), the Kentucky Supreme Court specifically addressed whether criminal defendants are entitled to the effective assistance of counsel not only at trial but also during a first appeal as a matter of right. In *Hollon*, the Supreme Court concluded that trial

courts should address claims of ineffective assistance of appellate counsel in RCr 11.42 actions. *Id.* at 437. The Supreme Court concluded that trial courts are the appropriate forum and should address such issues under the standards set forth in *Hollon* and enter findings and an appropriate order under RCr 11.42(6). *Id.* at 439. It is noteworthy that Powers cited *Hollon* to the trial court in the Memorandum filed with his RCr 11.42 motion below.

Because the ineffectiveness of appellate counsel claim was raised appropriately under RCr 11.42 in the circuit court but not addressed, Powers argues that this Court did not obtain jurisdiction because no final order was appealed. We disagree. While the circuit court did not address the specific merits of the claim, the court disposed of the issue by holding the court lacked jurisdiction to consider the issue. Based upon *Hollon*, 334 S.W.3d 431, we conclude the circuit court erred in so ruling, but the order itself was final and appealable under CR 54.01.[1]

The Commonwealth concedes in its brief that the circuit court's assumption that it had no jurisdiction to rule on Powers' ineffective assistance of appellate counsel claims was in error. Commonwealth's Brief at 4. Accordingly,

---

[1] For example, had there been no issue raised regarding ineffective assistance of trial counsel, and the court declined to address the appellate counsel issue, clearly such an order would have been final and appealable to this Court. We see no distinction in this outcome when applied to the facts of this case.

-4-

we believe the case of *Smith v. Commonwealth*, 438 S.W.3d 392, 395 (Ky. App. 2014) is controlling. In *Smith*, a *pro se* appellant raised a claim in an RCr 11.42 action regarding the performance of both his trial counsel and appellate counsel (IAAC). While the trial court in *Smith* addressed the merits of the ineffective assistance of trial counsel, the court ignored the IAAC claim. On appeal, this Court held in *Smith*:

> The trial court did not address Smith's appellate counsel's performance at all, and Smith has raised this issue in his appellate brief. However, because the trial court did not rule on this particular claim, this Court cannot review it. Therefore, we must remand this matter to the trial court for the entry of a ruling on Smith's IAAC claim.

*Id.* at 396. In other words, as inferred by this Court in *Smith*, these claims are intertwined and the circuit court could not deny RCr 11.42 relief on the ineffective trial counsel claim without addressing the issue in relation to the IAAC claim.[2] *Smith*, 438 S.W.3d at 395. Similarly, in this appeal, we cannot address the merits of the ineffective assistance of trial counsel claim on appeal until the IAAC claim is also considered and the circuit court complies with *Hollon*. Thereafter, the

---

[2] We note that the circuit court in its August 11, 2023, Order listed the various claims being asserted by Ray William Powers for both ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Record at 207-08. All four claims regarding appellate counsel relate to matters involving the conduct of the trial.

circuit court should enter the appropriate findings and order. *Hollon*, 334 S.W.3d at 439.

Additionally, based on our interpretation and application of *Smith*, Powers has waived no arguments regarding his ineffective assistance of trial counsel claims and the case is remanded for the circuit court to address those claims in relation to the IAAC claims, consistent with *Hollon*, 334 S.W.3d 431, and *Smith*, 438 S.W.3d at 395.

For the foregoing reasons, we vacate the Calloway Circuit Court's August 11, 2023, Order, and remand for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Andrea Reed
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Attorney General
Frankfort, Kentucky