RENDERED: JULY 25, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1295-MR

RANDALL PRICE                                                       APPELLANT

v.                          APPEAL FROM KENTON CIRCUIT COURT
                            HONORABLE PATRICIA M. SUMME, JUDGE
                            ACTION NO. 14-CR-00997

COMMONWEALTH OF KENTUCKY                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CALDWELL, LAMBERT, AND MOYNAHAN, JUDGES.

LAMBERT, JUDGE:  Randall Price appeals from the denial of his Kentucky Rules of Civil Procedure (CR) 60.02 motion, arguing that his convictions for first-degree robbery and assault violate double jeopardy, via an order entered by the Kenton Circuit Court on September 20, 2024.  After careful review of the record, briefs, and law, we affirm.

# FACTS AND PROCEDURAL HISTORY

Following a jury trial, Price was convicted of first-degree robbery and first-degree assault for viciously attacking Nick Robbins and taking his wallet. On direct appeal, the Supreme Court affirmed the convictions, rejecting Price's claims that he was entitled to a directed verdict on both charges, that the jury instructions were erroneous, that improper statements of the prosecutor constituted reversible error, and that the court improperly excluded evidence. *Price v. Commonwealth*, No. 2015-SC-000469-MR, 2016 WL 7665874 (Ky. Dec. 15, 2016).

Thereafter, Price, proceeding *pro se*, filed a Kentucky Rules of Criminal Procedure (RCr) 11.42 motion to alter, amend, or vacate the judgment, arguing that his trial counsel had misadvised him on critical matters and was otherwise ineffective in the handling of witnesses and evidence. *See Price v. Commonwealth*, No. 2020-CA-0166-MR, 2021 WL 1932722, at *2 (Ky. App. May 14, 2021). The trial court denied the motion, and a panel of this Court affirmed the decision. *Id.*

On April 8, 2024, Price filed the underlying motion for relief pursuant to CR 60.02(e) and (f), arguing that his convictions violate the Double Jeopardy Clauses of the Fifth Amendment of the United States Constitution and Section 13 of the Kentucky Constitution. Ruling on the merits, the trial court denied the motion via a September 20, 2024, order, and this appeal followed.

## STANDARD OF REVIEW

CR 60.02(e) and (f) provide that, upon a motion, a court may relieve a party from a final judgment if "the judgment is void . . . or it is no longer equitable that the judgment should have prospective application [or for] any other reason of an extraordinary nature justifying relief." "It is within the sound discretion of the trial court whether to grant or deny relief pursuant to CR 60.02. Thus, we will reverse only upon a finding of an abuse of that discretion." *Priddy v. Commonwealth*, 629 S.W.3d 14, 17 (Ky. App. 2021). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014).

## ANALYSIS

On appeal, Price renews his claims that his judgment must be altered or vacated due to the violation of his constitutional rights against double jeopardy. The Commonwealth, however, asserts that Price's claims are procedurally barred, and we agree.

In *McQueen v. Commonwealth*, 948 S.W.2d 415, 416 (Ky. 1997), the Supreme Court of Kentucky explained that:

> The interrelationship between CR 60.02 and RCr 11.42 was carefully delineated in *Gross v. Commonwealth*, Ky., 648 S.W.2d 853 (1983). In a criminal case, these rules are not overlapping, but

separate and distinct. A defendant who is in custody under sentence or on probation, parole[,] or conditional discharge, is required to avail himself of RCr 11.42 as to any ground of which he is aware, or should be aware, during the period when the remedy is available to him. Civil Rule 60.02 is not intended merely as an additional opportunity to relitigate the same issues which could "reasonably have been presented" by direct appeal or RCr 11.42 proceedings. RCr 11.42(3); *Gross v. Commonwealth*, *supra*, at 855, 856. The obvious purpose of this principle is to prevent the relitigation of issues which either were or could have been litigated in a similar proceeding. As stated in *Gross*, CR 60.02 was enacted as a substitute for the common law writ of coram nobis.

> The purpose of such a writ was to bring before the court that pronounced judgment errors in matter of fact which (1) had not been put into issue or passed on, (2) were unknown and could not have been known to the party by the exercise of reasonable diligence and in time to have been otherwise presented to the court, or (3) which the party was prevented from so presenting by duress, fear, or other sufficient cause. Black's Law Dictionary, *Fifth Edition*, 487, 144.

*Id.* at 856. In summary, CR 60.02 is not a separate avenue of appeal to be pursued in addition to other remedies, but is available only to raise issues which cannot be raised in other proceedings. Nothing we said in *Fryrear v. Parker*, Ky., 920 S.W.2d 519 (1996) alters or abrogates these principles.

Finally, as we pointed out in *Gross*, a CR 60.02 movant must demonstrate why he is entitled to this special, extraordinary relief. "Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief." *Gross v. Commonwealth*, *supra*, at 856.

Herein, the operable facts, Price's two convictions, were certainly known at the time of his direct appeal. Indeed, Price asserts in his Reply Brief that he instructed his counsel on direct appeal to argue a double jeopardy violation, but the claim was not raised therein. Additionally, Price did not raise the issue or his counsel's alleged failure to present it on direct appeal, *i.e.*, a claim of ineffective assistance of appellate counsel,[1] in his subsequent *pro se* RCr 11.42.

Because Price's claims could and should have been raised in prior proceedings, relief is not available under CR 60.02. And because we may affirm for any reason supported by the record, *McCloud v. Commonwealth*, 286 S.W.3d 780, 786 n.19 (Ky. 2009), the circuit court did not err in denying Price's motion for relief.

## CONCLUSION

For the foregoing reasons, the judgment of the Kenton Circuit Court is AFFIRMED.

ALL CONCUR.

---

[1] As recognized in *Hollon v. Commonwealth*, 334 S.W.3d 431 (Ky. 2010).

-5-

BRIEFS FOR APPELLANT:

Randall Price, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky