RENDERED: AUGUST 14, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2018-CA-000932-MR

RONALD C. FAIRCHILD                                   APPELLANT

                  APPEAL FROM ROWAN CIRCUIT COURT
v.                   HONORABLE WILLIAM E. LANE, JUDGE
                      ACTION NO. 12-CR-00238

COMMONWEALTH OF KENTUCKY                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Ronald Fairchild appeals the Rowan Circuit Court's February 13, 2018 order denying his RCr[1] 11.42 motion for post-conviction relief alleging ineffective assistance of trial and appellate counsel. Finding no error, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## BACKGROUND

Donald Walker and his girlfriend, Marlene Mauk, were killed during a robbery at Walker's trailer in Fleming County, Kentucky. Six years after the bodies were discovered, investigators charged and arrested two individuals in Ohio. Those two suspects, Jason Jackson and Rodney Dodson, quickly gave statements implicating Fairchild, who was then arrested and charged.

During the investigation, police discovered Walker was not liked by these three individuals. Jackson, Dodson, and Fairchild discovered Walker was working as a Kentucky State Police informant and had allegations of sexual assault and attempted baby buying – all of which did not sit well with Fairchild. Jackson, Dodson, and Fairchild discussed robbing Walker. Ultimately, all three men went to Walker's home, wanting him to accompany them to Ohio to purchase more marijuana because they were low on cash. Walker declined. At this point, Fairchild allegedly shot Walker and Mauk, then stole an envelope full of cash.[2]

After hearing the evidence, the jury found Fairchild guilty of two counts of complicity to commit murder, one count of robbery, and one count of burglary. He was sentenced to twenty-seven and one-half years for each murder, fifteen years for robbery, and fifteen years for burglary – all to run concurrently. The Kentucky Supreme Court affirmed his conviction. *See Fairchild v.*

---

[2] The various defendants told differing stories as to who was the actual gunman.

*Commonwealth*, No. 2013-SC-000024-MR, 2015 WL 4967150 (Ky. Aug. 20, 2015).

After the Kentucky Supreme Court rendered its decision, Fairchild, *pro se*, filed an RCr 11.42 motion to vacate for ineffective assistance of counsel. The trial court denied the motion and his request for a hearing. This appeal followed.

## STANDARD OF REVIEW

Every defendant is entitled to reasonably effective, but not necessarily errorless, counsel. *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011). In evaluating a claim of ineffective assistance of counsel, we apply the familiar "deficient-performance plus prejudice" standard first articulated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065, 80 L. Ed. 2d 674 (1984).

Under this standard, the movant must first prove his counsel's performance was deficient. *Id.* at 687, 104 S. Ct. at 2064. To establish deficient performance, the movant must show that counsel's representation "fell below an objective standard of reasonableness" such that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment[.]" *Commonwealth v. Tamme*, 83 S.W.3d 465, 469 (Ky. 2002); *Commonwealth v. Elza*, 284 S.W.3d 118, 120-21 (Ky. 2009).

Second, the movant must prove that counsel's "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To establish prejudice, the movant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068.

As a general matter, we recognize "that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S. Ct. at 2066. For that reason, "[j]udicial scrutiny of counsel's performance [is] highly deferential." *Id.* at 689, 104 S. Ct. at 2065. We must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

## ANALYSIS

Fairchild suggests multiple instances of ineffective assistance of counsel in both the trial and appellate courts. He also argues the trial court erred when it denied his motion without first conducting an evidentiary hearing.

Not every claim of ineffective assistance merits an evidentiary hearing. Nor is an RCr 11.42 movant automatically entitled to one. *See Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky. 1993). The trial court need only

conduct an evidentiary hearing "if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record." *Fraser v. Commonwealth,* 59 S.W.3d 448, 452 (Ky. 2001) (citations omitted); RCr 11.42(5). An evidentiary hearing is unnecessary when the record refutes the claims of error or when the allegations, even if true, would not be sufficient to invalidate the conviction. *Harper v. Commonwealth*, 978 S.W.2d 311, 314 (Ky. 1998). If an evidentiary hearing is mandated, then the trial court shall appoint counsel to represent an indigent defendant. RCr 11.42(5).

In this case, as explained below, the claims raised by Fairchild are either refuted by the record or are insufficient to justify relief under *Strickland*. An evidentiary hearing was not warranted.

### *Trial Counsel Ineffectiveness*

First, Fairchild contends trial counsel was ineffective for referencing his polygraph in counsel's opening statement, which led to the introduction of his "negative" (failing) results. During opening statements, Fairchild's counsel chose to refer to the polygraph examination as a sham to bulldoze Fairchild into admitting a role in the murders. This defense is permissible. *Rogers v. Commonwealth*, 86 S.W.3d 29, 38 (Ky. 2002).

Because trial counsel used the polygraph in opening statements, the trial judge allowed the recording of the polygraph to be heard, in its entirety,

during the hearing. This opened the door for trial counsel to attack the examination as a sham used to coerce a confession. Trial counsel elicited testimony from three different experts about the risks of obtaining a false confession, the proper conduct of a polygraph examination, and the unreliableness of recognized methods. This was a trial strategy, and Fairchild fails to offer a sounder strategy to combat his own statements to police.

Nonetheless, the polygraph, in and of itself, did not harm Fairchild. He continuously made contradicting statements to police. Eventually, his statements put him in the trailer, alongside Jackson and Dodson, with knowledge of impending criminal acts. He also received cash from the crime. Given the evidence – including his own statements – the jury's verdict of complicity to murder was the best possible outcome for him. He fails to satisfy the *Strickland* elements. He did not demonstrate how his counsel was "deficient" or how he was "prejudiced" by this deficiency.

Second, Fairchild argues that trial counsel's failure to preserve a juror selection issue is ineffective assistance of counsel. Fairchild wished to strike five jurors for cause and counsel used peremptory strikes to remove them. However, counsel tendered to the court additional jurors Fairchild wanted to strike, but only *after* jury selection. He claims his trial counsel did not preserve the issue appropriately under *Gabbard v. Commonwealth*, 297 S.W.3d 844 (Ky. 2009).

*Gabbard* requires that "the defendant must identify on his strike sheet any additional jurors he would have struck" to preserve an error alleging deprivation of a peremptory challenge through the trial court's erroneous failure to strike a juror for cause. *Id.* at 854. This is true; yet, it does not apply to the post-conviction relief Fairchild seeks. Fairchild must identify how he was prejudiced by this erroneous preservation. Specifically, he must show how the presence of the jurors he wished to dismiss impaired the fairness of his proceedings. Without this specificity, we cannot conclude Fairchild's trial counsel was ineffective.

Third, Fairchild argues his trial counsel failed to object to introductions of statements that had a prejudicial/inflammatory effect. On his direct appeal to the Kentucky Supreme Court, the Court found all statements relevant, in that "[i]t is plain to see that Fairchild's incriminating statement makes a fact of consequence – he being the gunman in the murders of Walker and Mauk – more probable than it is without that evidence." *Fairchild*, 2015 WL 4967150, at *12. It held that the trial court did not abuse its discretion in finding the statements reliable, and even if they were inadmissible, the error was harmless because the jury only found he was complicit. *Id.*

Additionally, although this testimony was objectionable, trial counsel may well have refrained from objecting as a matter of trial strategy, to avoid bringing additional attention to the statement. Furthermore, even if counsel simply

erred in not objecting to this testimony, we cannot say that this one deficiency negated what was otherwise competent representation, or that there would be any likelihood that the outcome of the trial would have been any different had he objected. "The critical issue is not whether counsel made errors but whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." *Haight v. Commonwealth*, 41 S.W.3d 436, 441 (Ky. 2001), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). Every defendant is entitled to reasonably effective, but not necessarily errorless, counsel. *Fegley*, 337 S.W.3d at 659.

Fairchild also blames trial counsel for not putting on sufficient evidence to warrant a jury instruction on facilitation. A person is guilty of criminal facilitation when, by "acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime." KRS[3] 506.080. According to the Kentucky Supreme Court's opinion on Fairchild's direct appeal, he failed to provide evidence he provided the "means and opportunity" to commit the crime. *Fairchild*, 2015 WL 4967150, at *13 ("Fairchild has not met this burden, particularly concerning the 'means or opportunity' element.").

---

[3] Kentucky Revised Statutes.

-8-

On this appeal, Fairchild still does not provide evidence to satisfy this element of criminal facilitation. Fairchild offers no evidence his trial counsel was ineffective as that standard is set out in *Strickland*.

***Appellate Counsel Ineffectiveness***

Next, Fairchild argues he received ineffective assistance of appellate counsel because counsel, on direct appeal, failed to raise a claim that his conviction was based on his coerced statement to police. *See id.* at *3-*5. In *Hollon v. Commonwealth*, 334 S.W.3d 431, 436 (Ky. 2010), our Supreme Court recognized that criminal defendants are entitled to effective assistance of appellate counsel. Should appellate counsel wholly fail in this endeavor in the appellate court, criminal defendants may pursue a claim of ineffective assistance of appellate counsel.

We evaluate the effectiveness of appellate counsel's representation under *Strickland*'s performance and prejudice standard. *Id.* Appellate counsel's failure to raise a particular issue on direct appeal may constitute deficient performance, but petitioners who allege their appellate counsel's deficiency must overcome the "strong presumption that [their counsel's] choice of issues to present [on appeal] was a reasonable exercise of appellate strategy." *Id.* To overcome this strong presumption, Fairchild must show that the omitted issue was a "clearly stronger" issue than those presented. *Id.* Prejudice must derive from counsel's

omission, and so we ask whether "absent counsel's [omission,] there is a reasonable probability that the appeal would have succeeded." *Id.* at 437. Fairchild is unable to overcome these hurdles.

Fairchild's counsel did not fail to raise this issue. The Supreme Court fully addressed it in the opinion it rendered in his direct appeal. *Fairchild*, 2015 WL 4967150, at *3-*5. Rather, Fairchild argues his appellate counsel was ineffective in the manner in which he argued the case on appeal because he failed to reference specific claims of coercion during his police interrogation. This argument fails first because the Supreme Court made it clear that "IAAC claims will not be premised on inartful arguments or missed case citations; rather counsel must have omitted completely an issue that should have been presented on direct appeal." *Hollon*, 334 S.W.3d at 437. Furthermore, the argument fails because, as the Supreme Court said in his direct appeal, the record contains nothing of this alleged coercion except "Fairchild's bare allegations . . . ." *Fairchild,* 2015 WL 4967150, at *5. Both are reasons for denying his RCr 11.42 motion.

## CONCLUSION

We affirm the Rowan Circuit Court's February 13, 2018 order denying Fairchild's RCr 11.42 motion for post-conviction relief alleging ineffective assistance of trial and appellate counsel.

ALL CONCUR.

-10-

BRIEF FOR APPELLANT:

Ronald C. Fairchild, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

James Havey
Assistant Attorney General
Frankfort, Kentucky