COMMONWEALTH of Kentucky,
Appellant,

v.

Randy LEINENBACH, Appellee.

No. 2010–SC–000091–DG.

Supreme Court of Kentucky.

Aug. 25, 2011.

Rehearing Denied Nov. 23, 2011.

Jack Conway, Attorney General, David Wayne Barr, Assistant Attorney General, Office of Criminal Appeals, Office of Attorney General, Frankfort, KY, Counsel for Appellant.

Joseph R. Eggert, Michael L. Goodwin, Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

On August 12, 2000, Appellee, Randy Leinenbach, along with his friend and roommate, Steve Wilcox, drove from Hancock County, Kentucky to Cannelton, Indiana. (The opinion of the Court of Appeals erroneously puts the date as 2002). There, they approached Leinenbach's ex-wife as she was walking down the street. Leinenbach forced her into her own car and they drove back to Hancock County. There, Leinenbach took her to an abandoned farm where she claimed he raped her in the car. They ultimately ended up at Leinenbach's trailer, where he held her and again, according to her claims, raped her twice. All of this happened on the same day—August 12th.

Leinenbach was subsequently indicted for one count of rape in the first degree and one count of unlawful imprisonment. Count one, dealing with the rape, stated very generally that "on or about August 12, 2000 in Hancock County, Kentucky, the above-named defendant ... [c]ommitted the offense of Rape in the first degree when he engaged in sexual intercourse with Pam Leinenback [sic] by forcible compulsion." Leinenbach was convicted on both counts.

The instructions on the rape charge now in issue read as follows:

### INSTRUCTION NO. 5

You will find the Defendant, Randy Leinenbach, Guilty of Rape in the First Degree under this instruction, if and only if, you believe from the evidence beyond a reasonable doubt all of the following:

A. That in this county on or about August 12, 2000, and before the finding of the Indictment herein, he engaged in sexual intercourse with Pamela Leinenbach Morgan in the Olds Cutlass;

AND

B. That he did so by forcible compulsion.

If you find the defendant guilty under this Instruction, please skip Instruction No. 6 and go to Instruction No. 7. If you find the Defendant Not Guilty under this instruction, please go to Instruction No. 6.

### INSTRUCTION NO. 6

You will find the Defendant, Randy Leinenbach, Guilty of Rape in the First Degree under this instruction, if and only if, you believe from the evidence beyond a reasonable doubt all of the following:

C. That in this county on or about August 12, 2000, and before the finding of the Indictment herein, he engaged in sexual intercourse with Pamela Leinenback [sic] Morgan in the Defendant's residence;

AND

D. That he did so by forcible compulsion.

The conviction was affirmed by the Court of Appeals. In 2008, Leinenbach filed a motion with the trial court to set aside the conviction under RCr 11.42 for ineffective assistance of counsel at the trial. The motion was denied by the trial court.

The Court of Appeals agreed with Leinenbach's claim that his defense counsel was ineffective for not objecting to these instructions and reversed the trial court. In doing so, the Court of Appeals seems to accept Leinenbach's claim that the instructions violated his double jeopardy rights, i.e., that "defense counsel's failure to object to the jury instructions provided the Commonwealth with two opportunities to convict Leinenbach of one charged offense."

For the reasons stated hereafter, we reverse and remand to reinstate the trial court's judgment.

■ The jury instructions in this case were unusual. But trial courts are not enslaved to form books and can give unusual instructions as long as they are not erroneous. Trial judges always take some risk when they utilize their own discretion, and that is especially true when straying from pattern jury instructions that have generally been tested over time. But the works of Palmore and Cooper, or any other established authorities, while invaluable, are not holy writs.

There is mixed opinion on this Court as to whether the instructions were even error. We leave that issue alone, however, because we need not adjudge whether the

instructions were correct under the circumstances. Neither do we have to decide if there was a procedural bar because this issue was not raised on direct appeal. We cut to the chase by simply holding that even if Leinenbach were able to leap those hurdles, he fails to satisfy the requirements of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Gall v. Commonwealth,* 702 S.W.2d 37 (Ky.1985).

■ The two prong test of *Strickland* has now become hornbook law. "First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show the deficient performance prejudiced the defense." *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052. Assuming arguendo that counsel was deficient for not objecting to the instructions, there has been no showing of prejudice.

As the Commonwealth points out, it may have been error and prejudice had the trial court failed to differentiate between the act occurring in the car at the abandoned farm and what happened at the trailer. We have been continually troubled over the past few years with jury instructions that did not particularize the crimes sufficiently to avoid a unanimity problem. *Cf. Miller v. Commonwealth,* 283 S.W.3d 690 (Ky.2009); *Harp v. Commonwealth,* 266 S.W.3d 813 (Ky.2008). The primary rationale for reversal of these cases, in addition to the possible lack of unanimity, is that identical instructions remove the ability to challenge the sufficiency of the evidence on appeal.

It is quite clear from the evidence that Leinenbach could have been charged with more than one count of rape. However, he was charged with only one. While a bit unorthodox, the instructions make clear the exact criminal misconduct for which the jury unanimously found him guilty. Once the Commonwealth used its prosecutorial discretion in consolidating the events of August 12th into one charge, the trial court had to make certain that the jury instructions insured a unanimous verdict. It seems to us that the instructions met that challenge.

We can only speculate as to how an objection to the instructions would have aided the defense of Leinenbach. By the reasoning of the Court of Appeals, we may surmise that defense counsel should have requested an instruction that did not give the Commonwealth "two bites at the apple." There is nothing inherently prejudicial by the Commonwealth having "two bites at the apple." Had the Commonwealth formally charged Leinenbach with two counts of rape, as the evidence seems to support, it would have had "two bites" at both the crimes and the penalties.

■ Furthermore, we have long held that "a verdict cannot be successfully attacked upon the ground that the jurors could have believed either of two theories of the case where both interpretations are supported by the evidence and the proof of either beyond a reasonable doubt constitutes the same offense." *Wells v. Commonwealth,* 561 S.W.2d 85, 88 (Ky.1978). In other words, in such cases the Commonwealth has "two bites" as to multiple theories so long as there is sufficient evidence of each to sustain a conviction. This is because, no matter which theory they accepted, all the jurors convicted under a theory supported by the evidence. Just as in this case, all the jurors chose to convict Leinenbach of the one rape.

Supposedly, defense counsel should have insisted that the Commonwealth—not the jury—choose in the instructions which of the alleged rapes Leinenbach committed. However, the evidence in this case was sufficient as to make it not unreasonable for the jury to have convicted Leinenbach

of numerous counts of rape. By the court's instructions, they were directed to choose only one. No one can read this record and have any doubt of precisely what the jury unanimously believed, beyond a reasonable doubt, Leinenbach did on August 12, 2000 to commit rape in the first degree. We can hardly find prejudice when the Commonwealth, in effect, gave Leinenbach leniency by combining multiple crimes into one charge and one penalty. We are reminded by *Strickland* of the larger picture and its declaration that "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." 466 U.S. at 696, 104 S.Ct. 2052.

The Court of Appeals erroneously states that the "jury acquitted Leinenbach as to the allegation that he raped Pamela in the car." There was no acquittal in this case. An acquittal is the "legal certification, usually by jury verdict, that an accused person is not guilty of the *charged* offense." BLACK'S LAW DICTIONARY (8th ed.2004) (emphasis added). Here, the jury simply unanimously particularized under the instructions the conduct for which Leinenbach was guilty. The way the instructions read, the jury could not have found Leinenbach "guilty" of both options. It had to choose. Placed in this posture, the jury may well have simply chosen the option with the strongest evidence. Leinenbach was tried and convicted of only one count of rape and his sentence was to only one count of rape. There was no prejudice. Certainly, the conduct of Leinenbach's defense counsel was not so deficient as to have "undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052.

For all the above stated reasons, the Court of Appeals opinion is reversed and the judgment of the trial court reinstated.

ABRAMSON, NOBLE, SCHRODER, SCOTT and VENTERS, JJ., concur. MINTON, C.J., not sitting.