RENDERED:  SEPTEMBER 13, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0143-MR

MICHAEL EDWARD CALLOWAY                                   APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE JESSICA E. GREEN, JUDGE
ACTION NO. 10-CR-000933

COMMONWEALTH OF KENTUCKY                                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Appellant, Michael Calloway, appeals from the Jefferson

Circuit Court's December 22, 2022 Opinion and Order denying his RCr[1] 11.42

motion claiming ineffective assistance both of trial counsel and appellate counsel.

We affirm.

**BACKGROUND**

---

[1] Kentucky Rules of Criminal Procedure.

On March 25, 2010, Calloway was indicted on one count of first-degree rape and one count of first-degree sexual abuse as alleged by his former girlfriend's daughter. The daughter, Anna – a pseudonym assigned to her to protect her identity – lived with her mother and Calloway in 2004 and 2005. Anna and her siblings were removed from her mother and adopted. In 2009, the eleven-year-old Anna disclosed in therapy sessions that Calloway raped her on multiple occasions when she was six and seven years old. Anna testified the attacks occurred in the same manner every time: Calloway would enter her room at night while everyone else was asleep, get into bed with her, lift her nightgown, and have sexual intercourse with her.

Calloway was tried by a jury twice, and at both trials Calloway's attorney was John Mack. In the first trial, Mack called an expert witness to testify about delayed disclosures and false memories. Calloway testified on his own behalf at the first trial. The jury was unable to reach a verdict, resulting in a mistrial. At the second trial, Mack called neither Calloway nor the expert witness to testify.

At the second trial, the circuit judge asked Mack whether Calloway wanted to testify and Mack responded that Calloway did. The judge asked Mack to discuss this decision with Calloway. After a brief conversation, Mack informed the court that Calloway would not be testifying on his own behalf.

For the first-degree rape charge, the jury received the following instruction:

> You will find the defendant, Michael Edward Calloway, guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt, all of the following:
>
> > A. That in this county between January 1, 2001 and December 31, 2008, he engaged in sexual intercourse with [Anna];
> >
> > AND
> >
> > B. That at the time of such sexual intercourse, [Anna] was less than twelve (12) years of age.

Record (R.) at 340. The jury's instruction on the sexual abuse charge contained the same eight-year timeframe. *Id*. at 341. Accordingly, by including such broad timeframes, both jury instructions encompassed multiple instances of alleged rape or sexual abuse.

Calloway was found guilty on both counts. He received a sentence of incarceration for fifty years.

For his direct appeal to the Kentucky Supreme Court, Calloway hired Kyle Burden to represent him. Calloway raised the following claims on appeal:

> (1) the instructions on first-degree rape and first-degree sexual abuse subjected him to double jeopardy and, further, contained references to time periods not supported by the evidence; (2) the trial court erred by failing to strike three prospective jurors for cause; (3) palpable error occurred when the victim was permitted to testify about

abuse inflicted upon her by her adoptive family several years after the alleged crimes occurred; (4) the trial court violated KRE[2] 404(b) by permitting the introduction of his prior drug use; and (5) he was denied a fair trial due to ineffective assistance of counsel.

*Calloway v. Commonwealth*, No. 2012-SC-000334, 2013 WL 5436260, at *1 (Ky. Sep. 26, 2013).

The Supreme Court affirmed in part and vacated in part. *Id*. at *8. Though Calloway's brief did not cite where the issue was preserved, the Supreme Court concluded that a double-jeopardy violation had occurred "because the instruction on the first-degree sexual abuse charge was insufficiently distinguished from the instruction on the first-degree rape charge, thereby permitting a conviction for both rape and sexual abuse for a single act of rape." *Id*. at *2. The Supreme Court vacated Calloway's conviction for first-degree sexual abuse; because his five-year sentence on that charge was ordered to run concurrently with the fifty-year sentence for first-degree rape, his overall sentence remained unaffected. *Id*. at *4.

In a footnote, the Supreme Court deemed it appropriate to mention Burden failed to raise a potential issue regarding Calloway's right to a unanimous verdict. *Id*. at *3 n.3. However, the Supreme Court declined to confront this issue,

---

[2] Kentucky Rules of Evidence.

though it has the power to vacate facially invalid or illegal judgments, because the judgment was not invalid or illegal on its face. *Id.*

The Supreme Court affirmed on all other issues. *See id.* Though the Supreme Court determined the 2001 to 2008 date range included in the jury instructions was overly broad, it concluded that inclusion of such a broad date range was harmless error. *Id.* at *4-5. As for the ineffective assistance of counsel claim, the Supreme Court noted such claims are not ordinarily reviewed on direct appeal and that Calloway had not properly preserved the issue for review. *Id.* at *8.

As to Calloway's contention that the trial court erred in declining to strike certain jurors for cause, the Supreme Court noted the lack of either a statement of preservation on this issue or ample supportive citations to the record. *Id.* at *5. The Supreme Court declined to address the merits of Calloway's arguments but concluded, based on the limited record cited by Calloway's brief, it was not apparent that the trial court abused its discretion in declining to strike the jurors. *Id.* at *5-6.

Calloway filed his RCr 11.42 motion on October 4, 2016, alleging ineffective assistance of both his appellate and trial counsel. He moved for an evidentiary hearing, which the circuit court granted. At the hearing, Calloway

called Mack, himself, and Erin Yang. Yang works as an appellate attorney for the Department of Public Advocacy.

At the hearing, Mack testified that he did not call the expert witness at the second trial in order to streamline his presentation and expressed concern that the expert might not do well under a second cross-examination. Though Calloway wanted to testify, Mack apparently convinced him not to. However, Mack testified that he advised Calloway that his choice to testify was his alone to make. Mack also testified that he did not remember being concerned about the 2001-2008 timeframe in the jury instructions.

Calloway called Yang as an expert in appellate advocacy. She criticized the format and contents of the appellate brief Burden submitted on Calloway's behalf. Yang believed the brief's factual background section was little more than Calloway's charges and convictions. She observed the brief lacked a statement of preservation of issues. She argued any competent attorney would have known the remedy for the double-jeopardy issue would be to vacate the lesser sentence – which, because his sentences ran concurrently, would have no effect on his total sentence. She believed there was no reason not to raise the unanimous verdict issue because the issue may be raised regardless of whether it was preserved. She testified the remedy for such violation is a new trial.

Yang noted Burden's failure to present the juror strike issue despite trial counsel's proper preservation of the issue. Burden did not reference the responses of prospective jurors to questions during *voir dire*. Conversely, Burden raised the issue of Calloway's drug use, which had been explicitly waived by his trial attorney. And, Yang testified ineffective assistance of counsel issues are rarely raised on direct appeal.

Calloway testified that his second trial was unlike his first. He testified that, after the mistrial, Mack told him the trial strategy would not change at the second trial. Calloway believed Mack did not defend him as vigorously during the second trial. Calloway recalled not being called to testify and did not know he could personally object to not being called.

The circuit court denied Calloway's motion in an Opinion and Order entered December 22, 2022, determining Calloway had not received ineffective assistance of counsel at either the trial or the appellate level. Calloway appeals.

**STANDARD OF REVIEW**

Appellate review of an ineffective assistance of counsel claim under RCr 11.42 requires that we evaluate "counsel's overall performance and the totality of circumstances therein in order to determine if the challenged conduct can overcome the strong presumption that counsel's performance was reasonable." *Commonwealth v. McGorman*, 489 S.W.3d 731, 736 (Ky. 2016) (citations

omitted). We defer to the factual findings and witness credibility determinations of the reviewing court. *Id*. (citations omitted). The burden of demonstrating the trial court erred in granting or denying relief on the basis of ineffective assistance of counsel lies with the appealing party. *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008). Though we presume counsel's performance was reasonable, we review counsel's performance *de novo*. *McGorman*, 489 S.W.3d at 736 (citing *Commonwealth v. Bussell*, 226 S.W.3d 96, 100 (Ky. 2007)).

"Generally, in order to establish a claim for ineffective assistance of counsel, a movant must meet the requirements of a two-prong test by proving that: 1) counsel's performance was deficient and 2) the deficient performance prejudiced the defense." *Clark v. Commonwealth*, 476 S.W.3d 895, 897-98 (Ky. App. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

Under the first prong – performance deficiency – the party alleging ineffective assistance must show "that his counsel was objectively unreasonable." *Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed. 2d 756 (2000) (citing *Strickland*, 466 U.S. at 687-91, 104 S. Ct. at 2064). We presume counsel's decisions regarding presentation and formulation of a defense constitute components of a reasonable trial strategy. *Brown*, 253 S.W.3d at 499 (citation omitted).

Under the second prong – prejudice – he must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S. Ct. at 2068.

Criminal defendants are entitled under the United States Constitution to both effective assistance of counsel at trial and during a first appeal as of right. *Hollon v. Commonwealth*, 334 S.W.3d 431, 434 (Ky. 2010) (citing *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985)). However, "[e]very defendant is entitled to reasonably effective – but not necessarily errorless – counsel." *Owens v. Commonwealth*, 512 S.W.3d 1, 6 (Ky. App. 2017) (citing *Fegley v. Commonwealth*, 337 S.W.3d 657, 659 (Ky. App. 2011)).

The standard for determining whether appellate counsel was ineffective is the same "deficient-performance plus prejudice" standard identified in *Strickland*. *Hollon*, 334 S.W.3d at 436. Claims for ineffective assistance of appellate counsel may be premised on the failure to raise an issue on direct appeal. *Id*. Ineffective appellate assistance is not limited to the failure to file a merits brief; "the filing of a merits brief that is grossly inadequate because it fails altogether to raise a meritorious issue" can also constitute ineffective assistance. *Id*.

> To succeed on such a claim, the defendant must establish
> that counsel's performance was deficient, overcoming a

strong presumption that appellate counsel's choice of issues to present to the appellate court was a reasonable exercise of appellate strategy. As the Supreme Court noted in *Smith*, "'[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance be overcome.'" 528 U.S. at 288, 120 S. Ct. 746 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). We further emphasize "ignored issues" to underscore that IAAC claims will not be premised on inartful arguments or missed case citations; rather counsel must have omitted completely an issue that should have been presented on direct appeal.

*Id*. at 436-37. This does not require an appellate attorney to raise every nonfrivolous claim on appeal, and he is permitted to select from nonfrivolous issues "'in order to maximize the likelihood of success on appeal . . . it is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent.'" *Id*. at 436 (quoting *Smith*, 528 U.S. at 288, 120 S. Ct. 746). "Ignored issues" cannot undergird claims for ineffective assistance of appellate counsel where those issues are simply "inartful arguments or missed case citations; rather counsel must have omitted completely an issue that should have been presented on direct appeal." *Id*. at 437.

## ANALYSIS

Calloway claims ineffective legal representation by both his trial counsel and his appellate counsel prejudice his case to such a degree that reversal

of the conviction is the only remedy. First, he argues both trial and appellate counsel failed to challenge jury instructions he believes were improper because they prevented the jury from reaching a unanimous verdict. Second, he argues he was prejudiced by his appellate counsel's failure to properly raise the trial court's denial of three for-cause challenges to jurors. Finally, he argues trial counsel's performance was deficient because he failed to call an expert witness or Calloway himself at the second trial.

### A. *Failing to challenge jury instruction not ineffective assistance of counsel.*

As our Supreme Court said last year, "The issues [regarding unanimous verdicts] have bedeviled this Court for more than a decade . . . ." *Johnson v. Commonwealth*, 676 S.W.3d 405, 410 (Ky. 2023) (hereinafter *Johnson 2*). We have more clarity today because of *Johnson 2* and its progeny. That jurisprudence is helpful to our review in several ways.

First, *Johnson 2* identifies three kinds of jury instruction, each based on different circumstances, that call into question the required unanimity of the verdict: (1) a single instruction embracing multiple counts of the same offense; (2) a single instruction involving one count of an offense that may be satisfied by multiple criminal acts over time; and (3) a "combination" instruction permitting a conviction of the same offense under either of multiple alternative theories. *Johnson 2*, 676 S.W.3d at 410-11.

-11-

The jury instruction Calloway challenges is of the second kind. Consequently, cases addressing jury instructions of the first and third types are irrelevant to our analysis.

Second, the Supreme Court, speaking to the second kind of jury instruction, clearly said that, today, "'a general jury verdict based on an instruction including two or more separate instances of a criminal offense . . . violates the requirement of a unanimous verdict.'" *Sanchez v. Commonwealth*, 680 S.W.3d 911, 930 (Ky. 2023) (quoting *Johnson v. Commonwealth*, 405 S.W.3d 439 (Ky. 2013) (hereinafter *Johnson 1*), *overruled on other grounds by Johnson 2*).

Third, the current jurisprudence provides the rule for palpable error review of an unpreserved argument that a jury instruction permitted a non-unanimous verdict. That rule is as follows:

> Only if, upon review, a court can conclude the error is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process, will reversal be warranted. . . . It should be so egregious that it jumps off the page . . . and cries out for relief.

*Johnson 2*, 676 S.W.3d at 417 (quoting *Chavies v. Commonwealth*, 374 S.W.3d 313, 323 (Ky. 2012) (quoting *Alford v. Commonwealth*, 338 S.W.3d 240, 251 (Ky. 2011) (Cunningham, J., concurring) (internal quotation marks and some citations omitted))).

Those are the guiding principles today. However, we measure the effectiveness of Calloway's trial and appellate counsel by Kentucky jurisprudence contemporaneous with their representation. *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 ("a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time").

*Commonwealth v. Leinenbach*, 351 S.W.3d 645 (Ky. 2011) (hereinafter *Leinenbach 2*) presents the most relevant jurisprudence because it is both contemporaneous with Calloway's counsels' decision-making about the kind of jury instruction at issue here, and it is a RCr 11.42 appeal. Similar to Calloway, the defendant in *Leinenbach 2* faced one count of rape but there was evidence of multiple rapes on the same day. *Id.* at 645. At issue was an instruction embracing two alleged rapes at the defendant's residence with a span of time between, but no differentiation in the instruction. The instruction simply allowed the jury to convict if it found:

> A. That in this county on or about August 12, 2000 . . . [Leinenbach] engaged in sexual intercourse with [the victim] in the [Defendant's residence,]
>
> AND
>
> B. That he did so by forcible compulsion.

*Id.* at 646.

Leinenbach moved the trial court pursuant to RCr 11.42 for an order that his counsel was ineffective for failing to object to the instruction as necessarily leading to a non-unanimous verdict. His argument was that some jurors could have found him guilty of the first rape at his residence and others found him guilty of the second; consequently, he argued, the conviction lacked unanimity. The trial court was not persuaded. This Court of Appeals was.

Before Leinenbach's case reached the Supreme Court, this intermediate appellate Court addressed his appeal. *Leinenbach v. Commonwealth*, No. 2008-CA-002172-MR, 2010 WL 323207 (Ky. App. Jan. 29, 2010), *rev'd*, 351 S.W.3d 645 (Ky. 2011) (hereinafter *Leinenbach 1*). We concluded "that the Instructions – which gave the jury the opportunity to convict on either of two alleged rapes – . . . gave the Commonwealth 'two bites at the apple' by giving the Commonwealth two opportunities to convict Leinenbach on a single charged offense." *Id.* at *3. We noted that such jury instructions "have not been condemned in criminal proceedings *per se*," but we still concluded "that defense counsel's failure to object to the jury instructions provided the Commonwealth with two opportunities to convict Leinenbach of one charged offense, thus depriving Leinenbach of the effective assistance of counsel to which he was entitled." *Id.* Based on that reasoning, this Court reversed the conviction. *Id.*

If this had been the law during Calloway's trial and appeal, his argument today would be more persuasive. However, the Supreme Court reversed this Court's opinion in *Leinenbach 1*. The opinion reversing began by saying, in dicta, "There is mixed opinion on this Court as to whether the instructions were even error." *Leinenbach 2*, 351 S.W.3d at 646. This is pretty good indication that the jurisprudence was not settled on this point when Calloway was convicted. But there is more.

In *Leinenbach 2*, the Supreme Court did not find trial counsel's failure to object to be ineffective assistance. It proceeded by merely "[a]ssuming arguendo that counsel was deficient for not objecting to the instructions . . . ." *Id.* at 647. The Court acknowledged it was "continually troubled over the past few years with jury instructions that did not particularize the crimes sufficiently to avoid a unanimity problem." *Id.* Then, it laid to rest the Court of Appeals' two-bites-at-the-apple theory:

> *We can only speculate as to how an objection to the instructions would have aided the defense* of Leinenbach. By the reasoning of the Court of Appeals, we may surmise that defense counsel should have requested an instruction that did not give the Commonwealth "two bites at the apple." There is nothing inherently prejudicial by the Commonwealth having "two bites at the apple." Had the Commonwealth formally charged Leinenbach with two counts of rape, as the evidence seems to support, it would have had "two bites" at both the crimes and the penalties.

Furthermore, we have long held that "a verdict cannot be successfully attacked upon the ground that the jurors could have believed either of two theories of the case where both interpretations are supported by the evidence and the proof of either beyond a reasonable doubt constitutes the same offense." *Wells v. Commonwealth*, 561 S.W.2d 85, 88 (Ky. 1978). In other words, in such cases the Commonwealth has "two bites" as to multiple theories so long as there is sufficient evidence of each to sustain a conviction. This is because, no matter which theory they accepted, all the jurors convicted under a theory supported by the evidence. Just as in this case, all the jurors chose to convict Leinenbach of the one rape.

Supposedly, defense counsel should have insisted that the Commonwealth – not the jury – choose in the instructions which of the alleged rapes Leinenbach committed. However, the evidence in this case was sufficient as to make it not unreasonable for the jury to have convicted Leinenbach of numerous counts of rape. By the court's instructions, they were directed to choose only one. No one can read this record and have any doubt of precisely what the jury unanimously believed, beyond a reasonable doubt, Leinenbach did on August 12, 2000 to [sic] commit rape in the first degree. *We can hardly find prejudice when the Commonwealth, in effect, gave Leinenbach leniency by combining multiple crimes into one charge and one penalty.*

*Id.* at 647-48 (emphasis added). This was the state of the law when Calloway's counsel provided their legal assistance. If the Supreme Court itself could "only speculate as to how an objection to the instructions would have aided the defense[,]" how could we then expect more from Calloway's counsel? *Id.* at 647.

This unsettled state of the law remained when Calloway's appellate counsel filed his brief on September 5, 2012. *Calloway v. Commonwealth*, No.

2012-SC-0334-MR (Ky. Sep. 5, 2012) (Appellant's brief filed perfecting appeal). Even when the Supreme Court rendered *Johnson 1* seven months later, our jurisprudence remained in flux.

As noted above, *Johnson 1* created the rule Calloway relies upon now, that "a general jury verdict based on an instruction including two or more separate instances of a criminal offense . . . violates the requirement of a unanimous verdict." *Johnson 1*, 405 S.W.3d at 449. It did so after discussing the cases upon which Calloway now relies – *Bell*,[3] *Harp*,[4] *Bennington*,[5] and *Leinenbach 2*. Summarizing those cases, the Supreme Court said, "What these cases show is an unfortunately inconsistent approach to this issue . . . ." *Johnson 1*, 405 S.W.3d at 451. This unfortunate inconsistency in the jurisprudence prevailed when Calloway's appellate counsel filed his brief.

Given the state of our jurisprudence when Calloway's jury was instructed and when his appeal was perfected, we conclude neither Calloway's trial counsel nor his appellate counsel was deficient in failing to raise the unanimous verdict issue. *Strickland*'s first prong is not satisfied.

---

[3] *Bell v. Commonwealth*, 245 S.W.3d 738 (Ky. 2008), *overruled on other grounds by Harp v. Commonwealth*, 266 S.W.3d 813 (Ky. 2008).

[4] *Harp v. Commonwealth*, 266 S.W.3d 813 (Ky. 2008).

[5] *Bennington v. Commonwealth*, 348 S.W.3d 613 (Ky. 2011).

Furthermore, if we did as the Supreme Court in *Leinenbach 2* did and assumed, *arguendo*, that trial and appellate counsel representation was deficient, Calloway still fails to persuade us because there was no prejudice.

We see today that *Johnson 1* and other opinions had their own weaknesses when it came to palpable error review. That would have been the only kind of review Calloway's appellate counsel could have sought. And when it came to palpable error review, *Johnson 1* has been rejected as having deviated from a proper path, ushering in a period that "all but bound this Court in certain circumstances to reverse as structural error most issues of jury unanimity." *Behrens v. Commonwealth*, 677 S.W.3d 424, 432 (Ky. 2023) (citation to *Johnson 2*). *Johnson 1* led to "trial courts being ambushed by the unanimity land mine. That proverbial land mine has, unfortunately, been laid by this very [Supreme] Court. Our decision today should be understood as clearing the minefield." *Johnson 2*, 676 S.W.3d at 415.

A unanimous Supreme Court, addressing prejudice in the palpable error context returned the analysis to the proper path, saying, "It is true enough that this Court has taken our palpable error standard of review to the limits when it comes to jury unanimity." *Johnson 2*, 676 S.W.3d at 414. It then separated the

chaff from the wheat, overruling *Johnson 1* and similarly errant opinions[6] by emphatically restating the rule laid down in *Chavies*, *supra*, which was decided contemporaneously with Calloway's trial and appeal on the merits. Applying that rule, we are satisfied there was no error in Calloway's representation "so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process [or] . . . so egregious that it jumps off the page . . . and cries out for relief." *Johnson 2*, 676 S.W.3d at 417 (internal quotation marks and citations omitted).

Neither *Strickland* prong is satisfied. Neither trial counsel nor appellate counsel provided ineffective assistance by the manner in which they addressed the jury instructions.

## B. *For-cause juror challenges: effectively raised by appellate counsel; addressed by Court.*

Calloway's second contention regarding the performance of his appellate counsel is the failure to adequately raise on appeal the trial court's denial of three for-cause juror challenges. The Supreme Court noted this deficiency in its opinion on Calloway's direct appeal:

> While Appellant failed to provide a preservation statement in his brief, his trial counsel did challenge these jurors for cause. Nevertheless, Appellant failed to provide reference to the record identifying where each juror made

---

[6] "To the extent that *Johnson* [*1*], *Kingery* [*v. Commonwealth*, 396 S.W.3d 824 (Ky. 2013)], *Martin* [*v. Commonwealth*, 456 S.W.3d 1 (Ky. 2015)], and *King* [*v. Commonwealth*, 554 S.W.3d 343 (Ky. 2018)] can be read to the contrary they are overruled." *Johnson 2*, 676 S.W.3d at 417.

> the alleged biased statements. Instead, Appellant cites to his counsel's summary of each juror's testimony, to which on one occasion the trial judge stated she had no recollection of such a statement being made.

*Calloway*, 2013 WL 5436260, at *5. The brief lacked ample references to the record and did not include a statement of preservation as required under CR[7] 76.12(4)(c)(v) – the then-effective predecessor to our current RAP[8] 32(A)(4). *Id.* The Supreme Court declined to address the merits of Calloway's arguments. *Id.*

The defect in Calloway's brief which caused the Supreme Court to decline to review his argument regarding the for-cause juror challenges was deficient performance as contemplated by *Strickland* and *Hollon*. Having selected this issue as one of merit, appellate counsel failed to demonstrate preservation of the issue in a manner which could facilitate the Supreme Court's review.

The practical effect of a failure to demonstrate how the issue is preserved is often, as it was here, the same as failing to raise the issue at all. The consequences of this failure can be dire. CR 76.12(8)(a), in full effect at the time of Calloway's appeal, stated that "[a] brief may be stricken for failure to comply with any substantial requirement of this Rule 76.12." Appellants who seek appellate review "must ensure their briefs comply with our Rules of Civil

---

[7] Kentucky Rules of Civil Procedure.

[8] Kentucky Rules of Appellate Procedure.

Procedure." *Harris v. Commonwealth*, 384 S.W.3d 117, 131 (Ky. 2012). As happened here, an attorney who files a deficient brief risks having his arguments disregarded by the appellate court.

However, we cannot say Calloway was prejudiced by this deficiency. Even though the Supreme Court said it would not address the merits of the argument, it did, in fact, consider the arguments for striking each of the three jurors by number – Jurors No. 1, 12, and 26. As to Juror No. 12, who "stated that he had been sexually abused at age seven and was good friends with a prosecutor who tries child abuse cases," the Supreme Court noted that neither being friends with a prosecutor not assigned to the case nor being a prior victim of the type of crime under trial would normally be grounds to dismiss a juror for cause. *Id*. at *5-6 (citing *Ward v. Commonwealth*, 695 S.W.2d 404, 407 (Ky. 1985) and *Brown v. Commonwealth*, 313 S.W.3d 577, 598 (Ky. 2010)). The Court continued in a similar manner for the other two jurors, saying:

> As to Juror No. 1, the trial judge stated that the juror "never said he could not be impartial if [Appellant] didn't testify." And, for Juror No. 26, the trial judge determined that the juror's view that someone who did not testify might be hiding something did not amount to an inability to be impartial. The judge noted that the juror gave this response after being asked what are the reasons a person may not testify. The judge determined that the juror's answer to this question does not equate to a bias of finding Appellant guilty based on his decision not to testify, as more targeted questioning to that point is needed to identify such a bias. We find the trial judge's reasoning is

> sound and therefore the judge did not abuse her discretion in failing to strike the challenged jurors for cause.

*Id*. at *6.

Prejudice sufficient to deem counsel ineffective requires a "reasonable probability" that the outcome would have been different absent the deficient performance. *Strickland*, 466 U.S. at 669, 104 S. Ct. at 2055-56. A "reasonable probability" is one that "undermine[s] confidence in the outcome." *Id*. at 669, 104 S. Ct. at 2056. The Supreme Court's analysis of these unpreserved arguments eliminates that reasonable probability. There is no justification for this Court's lack of confidence that the outcome would have been otherwise had Calloway's appellate attorney complied with CR 76.12(8)(a).

Accordingly, the circuit court did not err in determining Calloway did not receive ineffective assistance of counsel on the basis of his appellate counsel's failure to demonstrate how the issue of for-cause juror challenges was preserved.

### C. *Decision to call neither calloway nor expert witness at second trial.*

Finally, Calloway argues his trial counsel was ineffective for failing to call to the witness stand at his second trial either Calloway or the expert witness. The circuit court concluded the record did not indicate Mack prevented Calloway from testifying at the second trial. It found Mack told Calloway that the decision to testify was ultimately Calloway's to make and that Mack believed the evidence in favor of Calloway "had come in better" at the second trial. As to the decision

not to call the expert witness, the circuit court determined Mack had provided a reasonable explanation for not doing so: he believed the Commonwealth would be better prepared to cross-examine the witness a second time and felt calling the expert witness "could have shifted the burden of proof in the jury's mind[.]"

"The right of a defendant to testify on his own behalf is firmly established by the Fifth Amendment to the United States Constitution and Section 11 of the Kentucky Constitution." *Crawley v. Commonwealth*, 107 S.W.3d 197, 199 (Ky. 2003) (citing *Rock v. Arkansas*, 483 U.S. 44, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987)). This right is the defendant's to choose to exercise or not, "free from improper influence by the court and without undue encumbrance by counsel." *Lynch v. Commonwealth*, 642 S.W.3d 647, 654 (Ky. 2022) (citing *Quarels v. Commonwealth*, 142 S.W.3d 73, 78-79 (Ky. 2004)). A defendant's waiver of this right must be knowing and voluntary. *Watkins v. Commonwealth*, 105 S.W.3d 449, 453 (Ky. 2003) (citing *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993)).

The record reflects that Mack informed Calloway it was Calloway's decision whether he would testify. Further, Calloway was present at both trials and testified at the first. Though Calloway later testified at the evidentiary hearing on his RCr 11.42 motion that he did indeed want to testify at his second trial, he made

no indication that he disagreed with Mack's statement to the circuit court that Calloway would not be testifying.

As to the decision not to call the expert witness at the second trial, this decision falls squarely within the realm of trial strategy. Mack offered a reasonable explanation as to why he did not call the expert at the second trial: the Commonwealth would have additional time to prepare its questioning of the witness. Whether this decision was prudent is not for any court to decide. Rather, a court applies the presumption that counsel's decisions in this regard comprise part of a reasonable trial strategy. *Brown v. Commonwealth*, 253 S.W.3d 490, 499 (Ky. 2008) (citation omitted). The circuit court did not err in concluding Calloway failed to sufficiently rebut that presumption.

Calloway decided not to testify. Trial counsel's decision not to insist otherwise and his decision not to call an expert witness at the second trial did not constitute ineffective assistance.

## **CONCLUSION**

Based on the foregoing, we affirm the Jefferson Circuit Court's December 22, 2022 Opinion and Order denying Calloway's RCr 11.42 motion.


ALL CONCUR.

BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Kara Stinson Lewis            Daniel Cameron
La Grange, Kentucky         Attorney General of Kentucky

                                        Courtney J. Hightower
                                        Assistant Attorney General
                                        Frankfort, Kentucky